UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERRY A. GAINES,

     Petitioner,

v.                                                                    Case No. 4:19cv154-RH-HTC

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

     Respondent.

_____/

<u>ORDER and</u>
<u>REPORT AND RECOMMENDATION</u>

Petitioner, Terry A. Gaines, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 by delivering it to prison mail officials on April 3, 2019. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). An amended petition was filed on April 22, 2019, ECF Doc. 6, and on March 31, 2020, the Respondent moved to dismiss the case as untimely. ECF Doc. 35. After an extension of time (ECF Doc. 43), the Petitioner's response to the motion to dismiss was due July 15, 2020. No response was filed, and the time for doing so has passed. For the reasons set forth below, the undersigned recommends the motion to dismiss

be granted and the Petition be DISMISSED as untimely, without an evidentiary hearing.

## I.    BACKGROUND

On September 12, 2002, Gaines was convicted after a jury trial and sentenced as a prison releasee re-offender to two life sentences for two counts of kidnapping to facilitate a felony and to a thirty-year sentence for one count of armed robbery, with all counts relating to a robbery of a video store.  ECF Doc. 35-2 at 113.  He filed a notice of appeal on September 30, 2002, *id.* at 123-24, and on March 1, 2004, the First District Court of Appeal ("First DCA"), in case number, 1D02-3992 affirmed the kidnapping convictions but reversed on the armed robbery conviction, remanding for entry of a judgment of guilt on unarmed robbery and directing the Court to re-sentence Gaines.[1]  ECF Doc. 38-2 at 3.  Gaines sought review in the Florida Supreme Court in case number SC014-785 on May 4, 2004, but the Florida Supreme Court denied review based on a lack of jurisdiction in July of 2004.  *See* Florida Supreme Court docket.[2]  Gaines was re-sentenced on unarmed robbery on

---

[1] The First DCA determined that there was no evidence Gaines used the drill, which was covered with a bandana, as a weapon.  ECF Doc. 38-2 at 304.

[2] A court may properly take judicial notice of state court dockets.  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020).  Thus, as an initial matter, the undersigned will take judicial notice of Gaines's state court records pertaining to his underlying conviction and appeals. Additionally, the Court will instruct the clerk to post as exhibits to this Report and Recommendation those portions of the state court record which the undersigned considered in recommending this dismissal.  *Paez*, 947 F.3d at 649 ("We think the best practice would be to

September 27, 2004 to fifteen (15) years' imprisonment. ECF Doc. 25-2 at 139. His two life sentences were unchanged. *See id.*

## II.    TIMELINESS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).[3]  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The Respondent moves to dismiss the instant action as untimely because it was filed more than one-year after Gaines' was re-sentenced and there were not

---

include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

[3] The statute also provides for other "trigger" dates, but none are applicable to Gaines' case.

pending post-conviction motions that would have tolled the AEDPA clock. The undersigned agrees.

As stated above, Gaines was resentenced on September 27, 2004. This new sentence re-started the AEDPA clock. *See Walker v. Sec., Dept. of Corrections*, No. 1:12cv282-RH/GRJ, 2014 WL 2095370, at *1 (N.D. Fla. May 20, 2014) ("Under Florida law . . . . [w]hen a sentence is substantively corrected, the defendant is, from that day forward, in custody on the corrected sentence, not on the original sentence. . . . Thus, the altered sentence restarts the clock."). Gaines did not file an appeal of his September 27, 2004 re-sentencing. *See* State Court dockets attached hereto.[4] Thus, that judgment became final under § 2244(d)(2)(A) thirty (30) days later, on October 27, 2004, when the time for appeal expired. *See Porkolab v. Sec'y, Fla. Dep't of Corr.*, No. 3:18-CV-157-J-39JBT, 2020 WL 1308201, at *3 (M.D. Fla. Mar. 19, 2020) (where no direct appeal was taken from an order amending the judgment and sentence, the order became final thirty days later).

In the interim, on October 6, 2004, Gaines filed a Rule 3.800(a) motion to correct illegal sentence. ECF Doc. 35-2 at 148. The circuit court denied the motion on October 27, 2004. ECF Doc. 35-2 at 153-54. Gaines did not appeal that denial. The filing of that motion tolled the AEDPA clock until the motion was finally

---

[4] *See supra,* n. 2.

resolved, which includes the time for appeal regardless of whether an appeal is filed. *See Cramer v. Sec'y, Dep't of Corr.,* 461 F.3d 1380, 1383 (11th Cir. 2006) (a post-conviction motion is considered "pending" and tolls the AEDPA statute of limitations until it is fully resolved, which includes the time for filing an appeal, even if no appeal is filed).  Thus, the motion was fully resolved on November 26, 2004. *See id.*

Gaines's next filing was on or about January 24, 2005, when he filed a Rule 3.850 motion for post-conviction relief.  ECF Doc. 35-2 at 157.  The circuit court denied two issues and set an evidentiary hearing on two issues raised for May 5, 2005.  ECF Doc. 35-2 at 172.  The circuit court denied relief on all grounds raised in the motion on June 8, 2005.  ECF Doc. 35-2 at 219-20.  Gaines did not appeal the denial of that motion.  Thus, the motion is considered fully resolved thirty (30) days later—Friday, July 8, 2005, and the AEDPA clock began to run the next day. *See Cramer*, 461 F.3d at 1383 ("the claim remains pending until the time to seek review expires").

Gaines filed a second Rule 3.800(a) motion to correct illegal sentence on April 30, 2006 (docketed May 4, 2006).  ECF Doc. 35-2 at 262.  By the time of this filing, 295 more days of Gaines' AEDPA clock had run (from July 9, 2005 to April 30,

2006).[5]  The state court denied this second 3.800(a) motion on May 10, 2006, and

Gaines did not appeal.  *Id.* at 269.  Thus, that motion was considered pending until

the time for appealing it expired thirty (30) days later—on Friday, June 9, 2006.[6]

*See Cramer*, 461 F.3d at 1383.

Because 353 days had already expired by June 9, 2006, Gaines had only

twelve (12) days remaining to file a timely petition.[7]  Thus, Gaines' AEDPA one-

year time limit expired on Wednesday, June 21, 2006.

Gaines did not file any other post-conviction motions or appeal after April 30,

2006 until 2011.  From 2011–2018, Gaines filed additional motions and petitions

until he was barred from doing so by the circuit court in 2018.  ECF Doc. 38-3 at 3

("Defendant is prohibited from filing future *pro se* attacks on his conviction and

sentence"); ECF Doc. 38-4 (affirming on appeal).  None of these later motions tolled

the AEDPA clock.  A post-conviction motion filed after the AEDPA clock has run

cannot toll the clock because there is no time left to toll.  *See Sibley v. Culliver*, 377

F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas

---

[5] The AEDPA clock had already run for fifty-eight (58) days from November 27, 2004, when his 3.800(a) motion was fully resolved until Gaines filed his first 3.850 motion on January 24, 2005.

[6] The clock was tolled once again from May 1, 2006 to June 9, 2006.  *See Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 987 (11th Cir. 2019) (recognizing the following motions as ones which toll the AEDPA clock:  "(1) a motion for state postconviction relief under Rule 3.850, (2) a motion to correct an illegal sentence filed pursuant to Rule 3.800(a), (3) a motion for rehearing on a denial of a motion to correct an illegal sentence.") (internal citations omitted).

[7] 58+295 = 353 days and 365 – 353 = 12 days.

deadline does not revive it."). Thus, it is clear that Gaines' petition, which was not filed until April 2019, is untimely.

Gaines does not dispute that his one-year time limit ran out; instead, he argues in his amended petition that his petition challenges the subject-matter jurisdiction of the state circuit court and that a "lack of jurisdiction render[s] the case void and may be raised anytime, anyplace, in any court, and in any action." ECF Doc. 6 at 11 & 18.

Petitioner is incorrect. "There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction." *Johnny Drawdy v. Sec'y, Dep't of Corr.*, No. 809-CV-1993-T-30AEP, 2009 WL 3644626, at *2 (M.D. Fla. Nov. 2, 2009) (citing *Johnson v. Jones,* 2006 U.S. Dist. LEXIS 97534, 2006 WL 2092601, 2 (M.D. Ala., 2006). Indeed, this argument has been soundly rejected. *See e.g.*; *Carpenter v. Motley,* 2007 U.S. Dist. LEXIS 93194, 10–11, 2007 WL 4553340 (W.D. Ky. Dec. 18, 2007) ("AEDPA does not extend the time limit for raising state jurisdictional claims.")); *Haliym v. Mitchell*, 492 F.3d 680, 696 (6th Cir. 2007) (applying AEDPA procedural rules to claim that "trial court was without jurisdiction to try him" and finding claim procedurally defaulted); *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (finding 2254 petition untimely, rejecting argument that "subject matter jurisdiction can never be waived

and therefore [petitioner] can never be barred from raising the issue" and holding "[t]his argument is without support in the law.").

As a federal district court in South Carolina explained:

Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law.

Thus, the frequently quoted [maxim] that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts. *See Pulley v. Harris,* 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

*Thompson v. Warden Perry Corr. Inst.,* No. 3:06–3429 DCN JRM, 2007 WL 2579570, at *4 (D.S.C. Sept. 4, 2007) (finding § 2254 petition untimely despite state court jurisdictional argument).

Therefore, Gaines' argument is without merit and does not save his untimely filed petition.

## III.   EVIDENTIARY HEARING

Additionally, the undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas

relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because the petition is untimely, an evidentiary hearing is not warranted.

Finally, a certificate of appealability should be denied. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b). After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

It is ORDERED that the clerk attach the state court dockets to this Order and Report and Recommendation as Exhibits.

Accordingly, it further is respectfully RECOMMENDED:

1.      That the State's motion to dismiss, ECF Doc. 35, be GRANTED and this case be DISMISSED WITH PREJUDICE as untimely.

2.      That a Certificate of Appealability be DENIED.

3.      That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of August, 2020.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.

Courts (http://www.   Opinions (http://w   New Query   (../Searc   Help   dash_DCA)

# Florida First District Court of Appeal Docket

Cases for Party   Gaines, Terry A.

Printer Friendly View

| Case No. | Filed | Case Style | County | Lower Tribunal Case | Disposed |
|---|---|---|---|---|---|
| 02-3992 (/DCAResults /LTCases?CaseNumber=3992& CaseYear=2002&Court=1) | 10/01/2002 | Terry A. Gaines v. State of Florida | Leon | 2001-613-AF | 02/27/2004 |
| 11-2169 (/DCAResults /LTCases?CaseNumber=2169& CaseYear=2011&Court=1) | 04/25/2011 | Terry A. Gaines v. State of Florida | Leon | 2001-CF-613, more | 07/19/2011 |
| 15-2548 (/DCAResults /LTCases?CaseNumber=2548& CaseYear=2015&Court=1) | 06/04/2015 | Terry A. Gaines v. State of Florida | Leon | 2001-CF-613 | 02/17/2016 |
| 16-5159 (/DCAResults /LTCases?CaseNumber=5159& CaseYear=2016&Court=1) | 11/17/2016 | Terry A. Gaines v. State of Florida | Leon | 2001-CF-613, more | 04/21/2017 |
| 18-87 (/DCAResults /LTCases?CaseNumber=87& CaseYear=2018&Court=1) | 01/05/2018 | Terry A. Gaines v. State of Florida | Leon | 01CF613 | 02/06/2018 |
| 18-3833 (/DCAResults /LTCases?CaseNumber=3833& CaseYear=2018&Court=1) | 09/11/2018 | Terry A. Gaines v. State of Florida | Leon | 2001-CF-613 | 10/21/2019 |
| 18-3837 (/DCAResults /LTCases?CaseNumber=3837& CaseYear=2018&Court=1) | 09/11/2018 | Terry A. Gaines v. Mark S. Inch, Secretary, | Leon | 2001-CF-613 | 02/05/2019 |
| 18-3838 (/DCAResults /LTCases?CaseNumber=3838& CaseYear=2018&Court=1) | 09/11/2018 | Terry A. Gaines v. Julie L. Jones, Secretary, | Leon | 2001-CF-613 | 10/24/2018 |

Printer Friendly View

This site is best viewed using Chrome, Firefox, Edge, or Internet Explorer version 11.0.50 or higher.

# Florida Supreme Court Docket

Cases for Party   GAINES, TERRY A

Printer Friendly View

| Case No. | Filed | Case Style | County | Lower Tribunal Case | Disposed |
|---|---|---|---|---|---|
| SC04-785 (/DCAResults/LTCases?CaseNumber=785&CaseYear=2004&Court=6) | 05/04/2004 | TERRY A. GAINES v. STATE OF FLORIDA | | 1D02-3992 | 07/20/2004 |

Printer Friendly View

This site is best viewed using Chrome, Firefox, Edge, or Internet Explorer version 11.0.50 or higher.

# Leon County Clerk of the Circuit Court and Comptroller
## Court Case Search

Full Case View ⃝?                                                      Print Page

| 37 2001 CF 000613 A - STATE OF FLORIDA vs GAINES, TERRY ANTHONY |
|---|
| **Charges:** A001: GAINES, TERRY A - KIDNAPPING TO FACILITATE FELONY |

| Party Status | Party | Party Code | Attorney | Attorney Status |
|---|---|---|---|---|

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| KIDNAPPING TO FACILITATE FELONY | DISPOSED | 7/5/2018 10:22:18 AM | ADJ/G - STATE PRISON | 9/12/2002 8:00:00 AM | FRANCIS |
| KIDNAPPING TO FACILITATE FELONY | DISPOSED | 7/5/2018 10:22:18 AM | ORDER DISMISSING POST CONVICTION | 5/11/2006 8:33:16 AM | DEKKER |
| KIDNAPPING TO FACILITATE FELONY | DISPOSED | 7/5/2018 10:22:18 AM | ORDER DENYING POST CONVICTION | 4/6/2011 2:59:47 PM | DODSON |
| KIDNAPPING TO FACILITATE FELONY | DISPOSED | 7/5/2018 10:22:18 AM | ORDER DISMISSING POST CONVICTION | 5/8/2015 9:07:46 AM | SHEFFIELD |
| KIDNAPPING TO FACILITATE FELONY | DISPOSED | 7/5/2018 10:22:18 AM | ORDER DISMISSING POST CONVICTION | 9/21/2016 11:34:44 AM | DEMPSEY |
| KIDNAPPING TO FACILITATE FELONY | DISPOSED | 7/5/2018 10:22:18 AM | ORDER DENYING POST CONVICTION | 10/19/2016 3:43:35 PM | DEMPSEY |
| KIDNAPPING TO FACILITATE FELONY | DISPOSED | 7/5/2018 10:22:18 AM | ORDER DENYING POST CONVICTION | 7/17/2018 9:10:09 AM | DEMPSEY |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|
| 1 | 812.13 2C | ROBBERY NO FIREARM OR WEAPON | | | 7/17/2018 9:10:09 AM | ORDER DENYING POST CONVICTION | ODPC | |

Top of Page

| Judges Appearing on Case | | | |
|---|---|---|---|
| **Last Name** | **First Name** | **Date Assigned** | **Source** |
| DEMPSEY | ANGELA | 7/5/2018 10:23:39 AM | JIS |
| SHEFFIELD | FRANK | 4/30/2015 3:37:30 PM | JIS |
| DODSON | CHARLES | 1/1/2011 12:05:16 AM | JIS |
| WALKER | MARK | 4/14/2010 1:50:18 PM | JIS |
| DEKKER | KATHLEEN | 5/4/2006 12:04:23 PM | JIS |
| GARY | WILLIAM | 7/8/2001 8:30:00 AM | JIS |
| FRANCIS | CHARLES | 2/16/2001 | JIS |

Top of Page

**Viewable On Request Statuses**

 Viewable on Request Documents

 e-Certify Documents

**Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order**

**Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System**

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
|---|---|---|---|---|---|---|---|
| 2/16/2001 | 1 | CCBW | | CASE CREATED BY WARRANT ROBBERY | | | JIS |
| 2/16/2001 | 3 | WRSO | | WARRANT TO SHERIFF GAINES TERRY A | | | JIS |
| 2/16/2001 | 4 | BAMT | | BOND AMOUNT SET: 007500 | | | JIS |
| 2/16/2001 | 5 | IVID | | INVESTIGATOR I.D. TL586 | | | JIS |
| 7/6/2001 | 6 | WBOJ | | WARRANT BOOKED AT JAIL | | | JIS |
| 7/6/2001 | 7 | BAMT | | BOND AMOUNT SET: 007500 | | | JIS |
| 7/6/2001 | 8 | JDAS | | JUDGE ASSIGNED DIV B JUDGE FRANCIS | | | JIS |
| 7/8/2001 | 9 | TEXT | | FIRST APPEARANCE | | | JIS |
| 7/8/2001 | 10 | BAMT | | BOND AMOUNT SET: 007500 | | | JIS |
| 7/8/2001 | 11 | PDAP | | PUBLIC DEFENDER APPOINTED | | | JIS |
| 7/8/2001 | 12 | NCWV | | NO CONTACT WITH VICTIM | | | JIS |
| 7/8/2001 | 13 | CCHG | | COURT CHARGE LITERAL ENTERED ROBBERY | | | JIS |
| 7/10/2001 | 14 | ARFI ☐ ‹‑*Req $* | | ARREST AFFIDAVIT / NOTICE TO APPEAR / INCIDENT REPORT | | | JIS |
| 7/10/2001 | 15 | PDAS | | PUBLIC DEFENDER ASSIGNED ALEXANDER DOMBROWSKY | | | JIS |
| 7/10/2001 | 16 | WARE ☐ ‹‑*Req $* | | WARRANT RETURNED EXECUTED | | | JIS |
| 7/12/2001 | 18 | CPNG ☐ ‹‑*Req $* | | CONDITIONAL PLEA OF NOT GUILTY ALEXANDER DOMBROWSKY | | | JIS |
| 7/12/2001 | 19 | NTCD ☐ ‹‑*Req $* | | NOTICE OF DISCOVERY | | | JIS |
| 7/13/2001 | 17 | SAAS | | STATE ATTORNEY ASSIGNED CHARLES GOODWIN | | | JIS |
| 7/16/2001 | 20 | SAAS | | STATE ATTORNEY ASSIGNED JAMES HASELDEN | | | JIS |
| 7/17/2001 | 21 | INFO ☐ ‹‑*Req $* | | INFORMATION FILED KIDNAPPING TO FACILITATE FELON | | | JIS |
| 7/17/2001 | 22 | TEXT | | Y. | | | JIS |
| 7/17/2001 | 23 | CCHG | | COURT CHARGE LITERAL ENTERED KIDNAPPING TO FACILITATE FELON | | | JIS |
| 7/17/2001 | 24 | TEXT | | Y | | | JIS |
| 7/17/2001 | 25 | BAMT | | BOND AMOUNT SET: NO BOND | | | JIS |
| 7/17/2001 | 26 | NOTO ☐ ‹‑*Req $* | | NOTICE TO/OF: INTENT TO SEEK ENHANCED PENALT | | | JIS |
| 7/17/2001 | 27 | TEXT | | Y PRISONER RELEASEE REOFFENDER | | | JIS |
| 7/17/2001 | 28 | TEXT | | PUNISHMENT ACT. | | | JIS |
| 7/17/2001 | 29 | BOAJ | | BOOKED AT JAIL | | | JIS |
| 7/17/2001 | 30 | BAMT | | BOND AMOUNT SET: 000000 | | | JIS |
| 7/20/2001 | 31 | JDAS | | JUDGE ASSIGNED DIV B JUDGE FRANCIS | | | JIS |
| 7/20/2001 | 32 | ARNS | | ARRAIGNMENT SET: 08/07/2001 TIME-08:30 RM-3B | | | JIS |
| 8/3/2001 | 33 | ANDD ☐ ‹‑*Req $* | | ANSWER TO DEMAND FOR DISCOVERY | | | JIS |
| 8/3/2001 | 34 | DMNA ☐ ‹‑*Req $* | | DEMAND FOR NOTICE OF ALIBI | | | JIS |

| Date | # | Code | | Description | |
|---|---|---|---|---|---|
| 8/7/2001 | 35 | TEXT | | ARRAIGNMENT | JIS |
| 8/7/2001 | 36 | WPNG | ☐ ‹‹-*Req $* | WRITTEN PLEA OF NOT GUILTY | JIS |
| 8/7/2001 | 37 | CMCS | ☐ ‹‹-*Req $* | CASE MANAGEMENT CONFERENCE SET 10/02/2001 TIME-09:00 RM-3B | JIS |
| 9/10/2001 | 38 | NOTD | ☐ ‹‹-*Req $* | NOTICE OF TAKING DEPOSITION | JIS |
| 9/27/2001 | 39 | MTNS | | MOTION HEARING SET 10-02-2001 02:15 RM-3B | JIS |
| 10/2/2001 | 40 | TEXT | | CASE MANAGEMENT CONF | JIS |
| 10/2/2001 | 41 | TRST | | TRIAL SET 04/08/2002 TIME-08:30 RM-3BJU | JIS |
| 10/2/2001 | 42 | TEXT | | MOTION HEARING | JIS |
| 10/2/2001 | 43 | RSMH | | RESET MOTION HEARING 10/18/2001 TIME-02:30 RM-3B | JIS |
| 10/4/2001 | 44 | WSRT | | WITNESS SUBPOENA RETURNED | JIS |
| 10/9/2001 | 45 | MCRT | ☐ ‹‹-*Req $* | MOTION FOR COURT REPORTER TO TRANSCRIBE NOTES | JIS |
| 10/12/2001 | 46 | WSRT | | WITNESS SUBPOENA RETURNED (3) | JIS |
| 10/17/2001 | 47 | OCRT | ☐ ‹‹-*Req $* | ORDER DIRECTING COURT REPORTER TO TRANSCRIBE NOTES | JIS |
| 10/18/2001 | 48 | OCRT | ☐ ‹‹-*Req $* | ORDER DIRECTING COURT REPORTER TO TRANSCRIBE NOTES | JIS |
| 10/18/2001 | 49 | TEXT | | MOTION HEARING | JIS |
| 10/18/2001 | 50 | TEXT | | ARTHUR HEARING HELD - COURT FI | JIS |
| 10/18/2001 | 51 | TEXT | | NDS DEF. IS ENTITLED TO BOND | JIS |
| 10/18/2001 | 52 | TEXT | | | JIS |
| 10/18/2001 | 53 | NCWV | | NO CONTACT WITH VICTIM | JIS |
| 10/18/2001 | 54 | TEXT | | PRE-TRIAL GPS MONITORING IMPOS | JIS |
| 10/18/2001 | 55 | TEXT | | ED | JIS |
| 10/18/2001 | 56 | BAMT | | BOND AMOUNT SET: 050000 | JIS |
| 10/24/2001 | 57 | ANDD | ☐ ‹‹-*Req $* | ANSWER TO DEMAND FOR DISCOVERY AMENDED | JIS |
| 12/20/2001 | 58 | MACC | ☐ ‹‹-*Req $* | MOTION FOR APPOINTMENT OF CONFLICT COUNSEL | JIS |
| 12/26/2001 | 59 | OROA | ☐ ‹‹-*Req $* | ORDER OF APPOINTMENT: G CUMMINGS | JIS |
| 12/27/2001 | 60 | PATT | | PRIVATE ATTY ASSIGNED GREGORY CUMMINGS | JIS |
| 1/9/2002 | 61 | MOFO | ☐ ‹‹-*Req $* | MOTION FOR: BLOOD & HAIR SAMPLES | JIS |
| 1/9/2002 | 62 | ANDD | ☐ ‹‹-*Req $* | ANSWER TO DEMAND FOR DISCOVERY 2ND AMENDED | JIS |
| 1/17/2002 | 63 | ODER | | ORDER FOR BLOOD AND HAIR SAMPLES | JIS |
| 2/22/2002 | 64 | MOFO | ☐ ‹‹-*Req $* | MOTION FOR: AMENDED ORDER FOR BLOOD & | JIS |
| 2/22/2002 | 65 | TEXT | | HAIR SAMPLES | JIS |
| 2/22/2002 | 66 | ODER | | ORDER AMENDED FOR BLOOD AND HAIR | JIS |
| 2/22/2002 | 67 | TEXT | | SAMPLES;DEF. SHALL FURNISH | JIS |
| 2/22/2002 | 68 | TEXT | | SAMPLES OF HIS BLOOD AND HAIR | JIS |

| Date | No. | Code | | Description | Init |
|------|-----|------|---|-------------|------|
| 2/22/2002 | 69 | TEXT | | TO AN INVESTIGATOR OF TPD OR | JIS |
| 2/22/2002 | 70 | TEXT | | AN INVESTIGATOR OF THE STATE | JIS |
| 2/22/2002 | 71 | TEXT | | ATTORNEYS OFFICE WITHIN 2 | JIS |
| 2/22/2002 | 72 | TEXT | | WEEKS OF THIS DATE-2-22-2002. | JIS |
| 2/22/2002 | 73 | TEXT | | TAKING SAMPLES SHALL BE DONE | JIS |
| 2/22/2002 | 74 | TEXT | | IN A MEDICALLY RESPONSIBLE | JIS |
| 2/22/2002 | 75 | TEXT | | MANNER WITH NOTICE TO THE | JIS |
| 2/22/2002 | 76 | TEXT | | DEF. PURSUANT TO RULE | JIS |
| 2/22/2002 | 77 | TEXT | | 3.220(C)(2). | JIS |
| 3/7/2002 | 78 | CARE | ☐ «-*Req $* | CAPIAS RETURNED EXECUTED | JIS |
| 3/20/2002 | 79 | CMCS | ☐ «-*Req $* | CASE MANAGEMENT CONFERENCE SET 04/03/2002 TIME-02:00 RM-3B | JIS |
| 3/27/2002 | 80 | SARA | | STATE ATTORNEY REASSIGNED TO BRIAN STABLEY | JIS |
| 3/27/2002 | 81 | SAAS | | STATE ATTORNEY ASSIGNED JACKIE FULFORD | JIS |
| 3/27/2002 | 82 | NOTO | ☐ «-*Req $* | NOTICE TO/OF: ALIBI (FAX) | JIS |
| 3/28/2002 | 83 | NOTO | ☐ «-*Req $* | NOTICE TO/OF: ALIBI | JIS |
| 4/1/2002 | 84 | NOTO | ☐ «-*Req $* | NOTICE TO/OF: ALIBI (FAX) | JIS |
| 4/3/2002 | 85 | ANDD | ☐ «-*Req $* | ANSWER TO DEMAND FOR DISCOVERY AMENDED | JIS |
| 4/3/2002 | 86 | TEXT | | CASE MANAGEMENT CONF | JIS |
| 4/3/2002 | 87 | TRST | | TRIAL SET 09/09/2002 TIME-08:30 RM-3BJU | JIS |
| 4/3/2002 | 88 | TEXT | | DEFENSE MOTION TO CONTINUE TRI | JIS |
| 4/3/2002 | 89 | TEXT | | AL - GRANTED | JIS |
| 4/3/2002 | 90 | TEXT | | OFF TRIAL FOR 4-8-2002 | JIS |
| 4/3/2002 | 91 | CMCS | ☐ «-*Req $* | CASE MANAGEMENT CONFERENCE SET 06-17-2002 10:00 RM-3B | JIS |
| 4/25/2002 | 92 | NOTD | ☐ «-*Req $* | NOTICE OF TAKING DEPOSITION | JIS |
| 5/6/2002 | 93 | MOTO | ☐ «-*Req $* | MOTION TO: REDUCE BOND | JIS |
| 6/3/2002 | 94 | MOTO | ☐ «-*Req $* | MOTION TO: REDUCE BAIL-PRO SE | JIS |
| 6/5/2002 | 95 | RLTD | | RESPONSE LETTER TO DEFENDANT | JIS |
| 6/17/2002 | 96 | TEXT | | CASE MANAGEMENT CONF | JIS |
| 6/17/2002 | 97 | TEXT | | REMAIN ON TRIAL FOR 9-9-2002 | JIS |
| 7/15/2002 | 98 | MOFO | ☐ «-*Req $* | MOTION FOR: INVESTIGATOR FEES & COSTS | JIS |
| 7/15/2002 | 99 | ORGR | ☐ «-*Req $* | ORDER GRANTING PAYMENT OF INVESTIGATOR FEES | JIS |
| 7/15/2002 | 100 | TEXT | | & COSTS | JIS |
| 8/19/2002 | 101 | CMCS | ☐ «-*Req $* | CASE MANAGEMENT CONFERENCE SET 09/04/2002 TIME-02:00 RM-3B | JIS |
| 8/20/2002 | 102 | CMCS | ☐ «-*Req $* | CASE MANAGEMENT CONFERENCE SET 09/04/2002 TIME-02:00 RM-3B | JIS |

| Date | No. | Code | | Description | |
|---|---|---|---|---|---|
| 9/10/2002 | 103 | TRST | | TRIAL SET JURY 09/12/2002 08:30 RM-3B | JIS |
| 9/12/2002 | 105 | TEXT | | JURY-NON JURY TRIAL | JIS |
| 9/12/2002 | 106 | JUGV | | JURY TRIAL: GUILTY VERDICT 09-12-2002 | JIS |
| 9/12/2002 | 107 | SENT | | SENTENCING DATE: 09-12-2002 | JIS |
| 9/12/2002 | 108 | TEXT | | DEFENSE JOA MOTION - DENIED | JIS |
| 9/12/2002 | 109 | TEXT | | SENTENCING DOCKET STATMENTS | JIS |
| 9/12/2002 | 110 | AGSP | | ADJ/G - STATE PRISON 09/12/2002 | JIS |
| 9/12/2002 | 111 | ADJG | | ADJUDICATED GUILTY | JIS |
| 9/12/2002 | 112 | DOFC | | DEPARTMENT OF CORRECTIONS TIME 999998 | JIS |
| 9/12/2002 | 113 | JACR | | JAIL TIME CREDIT (DAYS) 423 | JIS |
| 9/12/2002 | 114 | TEXT | | DEF. TO BE GIVEN CREDIT FOR TI | JIS |
| 9/12/2002 | 115 | TEXT | | ME SERVED IN MADISON COUNTY, W | JIS |
| 9/12/2002 | 116 | TEXT | | RITTEN ORDER TO BE SUBMITTED | JIS |
| 9/12/2002 | 117 | TEXT | | | JIS |
| 9/12/2002 | 118 | AOAR | | ADVISED OF APPEAL RIGHTS | JIS |
| 9/12/2002 | 119 | TEXT | | DEFENDANT SENTENCED AS PRISON | JIS |
| 9/12/2002 | 120 | TEXT | | RELEASSEE REOFFENDER. | JIS |
| 9/12/2002 | 121 | TEXT | | $2,383.00 COURT COST/FINE REDU | JIS |
| 9/12/2002 | 122 | TEXT | | CED TO CIVIL JUDGMENT | JIS |
| 9/13/2002 | 104 | TRST | | TRIAL SET JURY 09-12-2002 08:30 RM-3 | JIS |
| 9/19/2002 | 123 | MOFO ☐«-*Req $* | | MOTION FOR: COMPENSATION | JIS |
| 9/19/2002 | 124 | ODER | | ORDER FOR COMPENSATION: KELLY STALCU | JIS |
| 9/19/2002 | 125 | TEXT | | P BE PAID A TOTAL OF $220.86 | JIS |
| 9/19/2002 | 126 | TEXT | | FOR MEALS & MILEAGE FOR TRIP | JIS |
| 9/19/2002 | 127 | TEXT | | FROM WINTER PARK, FL | JIS |
| 9/27/2002 | 128 | MOOC | | MOTION & ORDER FOR COMPENSATION ATTORNEY FEES | JIS |
| 9/30/2002 | 129 | NOAP ☐«-*Req $* | | NOTICE OF APPEAL | JIS |
| 9/30/2002 | 130 | JATR ☐«-*Req $* | | JUDICIAL ACTS TO BE REVIEWED | JIS |
| 9/30/2002 | 131 | NOAP ☐«-*Req $* | | NOTICE OF APPEAL CERTIFIED COPY SENT TO DCA | JIS |
| 9/30/2002 | 132 | DRPS | | DOCUMENT REQUEST PRO SE | JIS |
| 10/1/2002 | 133 | MOOC | | MOTION & ORDER FOR COMPENSATION PAY TO ASTRO TRAVEL AND TOURS | JIS |
| 10/1/2002 | 134 | TEXT | | $470.00 | JIS |
| 10/3/2002 | 135 | MOFO ☐«-*Req $* | | MOTION FOR: ORDER OF INSOLVENCY | JIS |
| 10/3/2002 | 136 | ORNS | | ORDER OF INSOLVENCY | JIS |

| Date | # | Code | Description | | Init |
|------|---|------|-------------|--|------|
| 10/3/2002 | 137 | MTWD ☐ «-*Req $* | MOTION TO WITHDRAW AS ATTORNEY OF RECORD AND FOR | | JIS |
| 10/3/2002 | 138 | TEXT | APPOINTMENT OF PUBLIC DEFENDER | | JIS |
| 10/3/2002 | 139 | OAPD ☐ «-*Req $* | ORDER APPOINTING PUBLIC DEFENDER | | JIS |
| 10/3/2002 | 140 | MCRT ☐ «-*Req $* | MOTION FOR COURT REPORTER TO TRANSCRIBE NOTES | | JIS |
| 10/3/2002 | 141 | OCRT ☐ «-*Req $* | ORDER DIRECTING COURT REPORTER TO TRANSCRIBE NOTES TRIAL AND SENTENCING PROCEEDIN | | JIS |
| 10/3/2002 | 142 | TEXT | GS 9/12/02 | | JIS |
| 10/7/2002 | 143 | RLTD | RESPONSE LETTER TO DEFENDANT | | JIS |
| 10/7/2002 | 145 | ODER | ORDER DCA-APPELLANT HAS FILED A | | JIS |
| 10/7/2002 | 146 | TEXT | NOTICE OF APPEAL WITHOUT ENTRY | | JIS |
| 10/7/2002 | 147 | TEXT | OF AN ORDER OF INSOLVENCY OR | | JIS |
| 10/7/2002 | 148 | TEXT | DEPOSIT OF FILING FEE. APPELL- | | JIS |
| 10/7/2002 | 149 | TEXT | ANT SHALL, WITHIN 30 DAYS FROM | | JIS |
| 10/7/2002 | 150 | TEXT | DATE OF THIS ORDER EITHER FILE | | JIS |
| 10/7/2002 | 151 | TEXT | CERTIFIED COPY OF ORDER OF INS | | JIS |
| 10/7/2002 | 152 | TEXT | OLVENCY OR PAY APPELLANT FILIN | | JIS |
| 10/7/2002 | 153 | TEXT | G FEE. IF APPELLANT SEEKS A | | JIS |
| 10/7/2002 | 154 | TEXT | WAIVER OF FILING FEE ON GROUND | | JIS |
| 10/7/2002 | 155 | TEXT | S OF INDIGENCY A MOTION AND | | JIS |
| 10/7/2002 | 156 | TEXT | AFFIDAVIT OF INDIGENCY MAY BE | | JIS |
| 10/7/2002 | 157 | TEXT | FILED WITH LOWER TRIBUNAL. | | JIS |
| 10/7/2002 | 158 | TEXT | THIS APPEAL SHALL NOT PROCEED | | JIS |
| 10/7/2002 | 159 | TEXT | UNTIL THE ORDER OF INSOLVENCY | | JIS |
| 10/7/2002 | 160 | TEXT | IS FILED OR THE FEE IS PAID. | | JIS |
| 10/7/2002 | 161 | TEXT | IF AT THE END OF THE 30 DAYS | | JIS |
| 10/7/2002 | 162 | TEXT | APPELLANT HAS NEITHER PAID OR | | JIS |
| 10/7/2002 | 163 | TEXT | SECURED AN ORDER OF INSOLVENCY | | JIS |
| 10/7/2002 | 164 | TEXT | HE SHALL SHOW CAUSE WITHIN 10 | | JIS |
| 10/7/2002 | 165 | TEXT | DAYS WHY THIS APPEAL SHOULD | | JIS |
| 10/7/2002 | 166 | TEXT | NOT BE DISMISSED | | JIS |
| 10/7/2002 | 167 | TEXT | DCA CASE NUMBER 1D02-3992 | | JIS |
| 10/8/2002 | 144 | STPR | STATE PRISON 10/08/2002 | | JIS |

| Date | No. | Type | | Description | | Clerk |
|---|---|---|---|---|---|---|
| 10/30/2002 | 168 | MOFO | ☐ «-*Req $* | MOTION FOR: EXTENSION OF TIME TO FILE | | JIS |
| 10/30/2002 | 169 | TEXT | | TRANSCRIPTS | | JIS |
| 11/15/2002 | 170 | ODCA | ☐ «-*Req $* | ORDER FROM DCA THE COURT REPORTERS MOTION | | JIS |
| 11/15/2002 | 171 | TEXT | | FILED ON OCTOBER 31, 2002, IS | | JIS |
| 11/15/2002 | 172 | TEXT | | GRANTED. TIME FOR DELIVERY OF | | JIS |
| 11/15/2002 | 173 | TEXT | | THE TRANSCRIPT IS EXTENDED TO | | JIS |
| 11/15/2002 | 174 | TEXT | | DECEMBER 2, 2002. | | JIS |
| 11/25/2002 | 175 | MOFO | ☐ «-*Req $* | MOTION OF TIME FOR FILING | | JIS |
| 11/25/2002 | 176 | TEXT | | OF TRANSCRIPT | | JIS |
| 12/31/2002 | 177 | TEXT | | MOTION FOR EXTENSION OF TIME | | JIS |
| 12/31/2002 | 178 | TEXT | | FOR FILING OF TRANSCRIPT | | JIS |
| 1/21/2003 | 179 | ODCA | ☐ «-*Req $* | ORDER FROM DCA COURT REPORTERS MOTION FILED | | JIS |
| 1/21/2003 | 180 | TEXT | | OF JANUARY 2, 2003, IS GRANTED | | JIS |
| 1/21/2003 | 181 | TEXT | | TIME FOR DELIVERY OF THE | | JIS |
| 1/21/2003 | 182 | TEXT | | TRANSCRIPT IS EXTENDED TO | | JIS |
| 1/21/2003 | 183 | TEXT | | JANUARY 30, 2003. | | JIS |
| 1/30/2003 | 184 | TRAN | ☐ «-*Req $* | TRANSCRIPT OF JURY TRIAL VOLUME1&2 9/12/02 | | JIS |
| 2/3/2003 | 185 | TRAN | ☐ «-*Req $* | TRANSCRIPT OF VERDICT & SENTENCING (9/13/02) | | JIS |
| 2/6/2003 | 186 | ADCA | ☐ «-*Req $* | APPEAL RECORD SENT TO DCA | | JIS |
| 2/13/2003 | 187 | TEXT | | RECEIPT LETTER BACK FROM DCA | | JIS |
| 4/29/2004 | 188 | TEXT | | MANDATE APPEAL AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS. | | JIS |
| 7/23/2004 | 189 | TEXT | | RESPONSE BY THE SUPREME COURT OF FLORIDA, TUESDAY 7/20/04 NO MOTION FOR REHEARING WILL BE ENTERTAINES BY THE COURT | | JIS |
| 8/5/2004 | 190 | ARRD | ☐ «-*Req $* | APPEAL RECORD RETURNED WITH EXHIBITS | | JIS |
| 9/9/2004 | 191 | MTNS | | MOTION HEARING SET MOTION HEARING SET: 09/27/2004 09:30AM /ROOM# 2A | | JIS |
| 9/9/2004 | 192 | ODER | | ORDER SCHEDULING SENTENCING HEARING AND ORDER TO TRANSPORT. SENTENCING IS SET FOR MONDAY 9/27/04 AT 9:30 AM COURTROOM 2A, THE SHERIFF OF LEON COUNTY SHALL TRANSPORT THE DEFENDANT TO THE LEON COUNTY COURTHOUSE FOR SENTENCING | | JIS |

| Date | # | Code | | Description | | | JIS |
|------|---|------|---|-------------|---|---|-----|
| 9/14/2004 | 193 | CAAS | | CONFLICT ATTORNEY ASSIGNED Conflict Attorney Added: 309631 - CUMMINGS GREGORY | | | JIS |
| 9/14/2004 | 194 | OACA | ☐ «-*Req $* | ORDER APPOINTING CONFLICT ATTORNEY GREG CUMMINGS | | | JIS |
| 9/15/2004 | 195 | NAPR | ☐ «-*Req $* | NOTICE OF APPEARANCE GREGORY CUMMINGS | | | JIS |
| 9/15/2004 | 196 | MOFO | ☐ «-*Req $* | MOTION FOR: TRANSPORT ORDER | | | JIS |
| 9/15/2004 | 197 | ORTP | ☐ «-*Req $* | ORDER TO TRANSPORT LEON CO SHERIFFS DEPARTMENT SHALL TRANSPORT TERRY A GAINES DOC #787164 FROM APALACHEE EAST C I TO LEON CO COURTHOUSE ON OR BEFORE 9/27/04 AT 9:00 | | | JIS |
| 9/17/2004 | 198 | RETM | ☐ «-*Req $* | RETURNED MAIL MOTION HEARING | | | JIS |
| 9/23/2004 | 199 | RECM | ☐ «-*Req $* | RECOMMIT BY BONDSMAN RECOMMITED BY JUDGE ORDER ON: 23-SEP-04/BOOKING# 15483 | | | JIS |
| 9/27/2004 | 200 | JDAS | | JUDGE ASSIGNED DIV-B JUDGE DEKKER KATHLEEN F JUDGE ID-16 | | | JIS |
| 10/1/2004 | 201 | RLSD | | RELEASED STPR /DATE: 01-OCT-04 | | | JIS |
| 10/6/2004 | 203 | REPM | | REOPEN POST CONVICTION MOTION 3.800 MOTION TO CORRECT ILLEGAL SENTENCE PURSUANT TO RULE 3.800(A) | | | JIS |
| 10/6/2004 | 202 | JDAS | | JUDGE ASSIGNED DIV-B JUDGE DEKKER KATHLEEN F JUDGE ID-16 | | | JIS |
| 10/27/2004 | 204 | ODPC | ☐ «-*Req $* | ORDER DENYING POST CONVICTION ORDER DENYING MOTION TO CORRECT ILLEGAL SENTENCE | | | JIS |
| 10/28/2004 | 205 | TEXT | | SHERIFFS COPY OF ORDER TO TRANSPORT- SERVED | | | JIS |
| 12/28/2004 | 206 | MOOC | | MOTION & ORDER FOR COMPENSATION ATTORNEY FEES | | | JIS |
| 1/24/2005 | 208 | REPC | | REOPEN POST CONVICTION MOTION 3.850 MOTION FOR POST CONVICTION RELIEF PRO SE | | | JIS |
| 1/25/2005 | 207 | JDAS | | JUDGE ASSIGNED DIV-B JUDGE DEKKER KATHLEEN F JUDGE ID-16 | | | JIS |
| 4/13/2005 | 209 | CTRR | | COURT RECORDS REQUEST- COPIES/RECORD SEARCH/VIEW FILE | | | JIS |
| 4/19/2005 | 210 | RLTD | | RESPONSE LETTER TO DEFENDANT | | | JIS |
| 4/20/2005 | 211 | SAAS | | STATE ATTORNEY ASSIGNED Prosecuting Attorney Added: 566934 - CAMPBELL JACK | | | JIS |
| 4/21/2005 | 212 | ORDE | ☐ «-*Req $* | ORDER DENYING ORDER DENYING ISSUES A & C AND SETTING FOR HEARING | | | JIS |

| Date | Number | Code | | Description | | Initials |
|---|---|---|---|---|---|---|
| | | | | ISSUES B & D OF DEFENDANTS MOTION FOR POST-CONVICTION RELIEF - ORDERED AND ADJUDGED THAT THE EVIDENTIARY HEARING ON ISSUES B & D ONLY WILL BE HELD ON THURSDAY, MAY 5, 2005 AT 11:30 A.M. IN COURTROOM 2B. THE STATE ATTORNEY SHALL PREPARE THE ORDER TO TRANSPORT. NOTE: COURT WILL NOT APPOINT DEFENSE COUNSEL AS THE FACTS ARE EXTREMELY SIMPLE AND NO LEGAL ARGUMENT IS INVOLVED AS TO ISSUES B & D. | | |
| 4/21/2005 | 213 | TEXT | | NOTICE OF HEARING ON DEFENDANTS MOTION FOR POST CONVICTION RELIEF TO BE HELD ON THURSDAY, MAY 5, 2005 AT 11:30 A.M. IN COURTROOM 2B | | JIS |
| 4/29/2005 | 214 | ORTP ☐ ‹‹-*Req $* | | ORDER TO TRANSPORT SHERIFF OF LEON CO SHALL TRANSPORT TERRY GAINES DC #787164 FROM APALACHEE CORR INST TO LEON CO FOR A POST CONVICTION HEARING BY WEDNESDAY 5/4/05 | | JIS |
| 4/29/2005 | 215 | MOFO ☐ ‹‹-*Req $* | | MOTION FOR: MOTION FOR APPOINTMENT OF COUNSEL PRO SE | | JIS |
| 5/3/2005 | 216 | LTTR | | LETTER LETTER FROM DEFENDANT TO ATTORNEY GREG CUMMINGS DATED 9/02/2002 | | JIS |
| 5/3/2005 | 217 | MOFO ☐ ‹‹-*Req $* | | MOTION FOR: AMENDED MOTION FOR APPOINTMENT OF COUNSEL PRO SE | | JIS |
| 5/4/2005 | 218 | ORTP ☐ ‹‹-*Req $* | | ORDER TO TRANSPORT SHERIFF OF LEON CO SHALL TRANSPORT TERRY GAINES DC #787164 FROM APALACHEE C.I. TO LEON COUNTY FOR A HEARING BY 5/18/05 | | JIS |
| 5/13/2005 | 219 | BOIN | | BOOKING INFORMATION DEFENDANT SHOWN IN JAIL ON: 13-MAY-05/BOOKING# 7006 | | JIS |
| 5/17/2005 | 220 | MTNS | | MOTION HEARING SET MOTION HEARING SET: 05/19/2005 11:30AM /ROOM# 2B | | JIS |
| 5/19/2005 | 221 | CCCE | | CASE COMMENTS FROM COURT EVENT 3.850 HEARING HELD ON ISSUES B AND D, RULING TAKEN UNDER ADVISEMENT BY THE COURT. DEF. MAY RETURN TO DOC. | | JIS |
| 5/19/2005 | 222 | NEEH | | NO EVIDENCE ENTERED AT HEARING | | JIS |

| | | | | | |
|---|---|---|---|---|---|
| 5/20/2005 | 223 | RLSD | | RELEASED STPR /DATE: 20-MAY-05 | JIS |
| 5/27/2005 | 224 | OCRT ☐ «-*Req $* | | ORDER DIRECTING COURT REPORTER TO TRANSCRIBE NOTES AUTHUR HEARING 10/18/01 EVIDENTIARY HEARING 5/19/05 SHALL BE DELIVERED TO JUDGE DEKKER NO LATER THAN 6/30/05 | JIS |
| 6/2/2005 | 225 | TRAN ☐ «-*Req $* | | TRANSCRIPT OF ARTHUR HEARING AND BOND HEARING 10/18/01 | JIS |
| 6/8/2005 | 226 | TRAN ☐ «-*Req $* | | TRANSCRIPT OF EVIDENTIARY HEARING 5/19/05 | JIS |
| 6/8/2005 | 227 | ODPC ☐ «-*Req $* | | ORDER DENYING POST CONVICTION SUPPLEMENTAL ORDER DENYING MOTION FOR POSTCONVICTION RELIEF FILED 1/24/05 | JIS |
| 6/10/2005 | 229 | REOT | | REOPEN POST CONVICTION - OTHER MOTION FOR APPOINTMENT OF COUNSEL | JIS |
| 6/10/2005 | 230 | NOAR ☐ «-*Req $* | | NO ACTION REQUIRED NO ACTION REQUIRED PER JUDGE DEKKER | JIS |
| 6/13/2005 | 228 | JDAS | | JUDGE ASSIGNED DIV-B JUDGE DEKKER KATHLEEN F JUDGE ID-16 | JIS |
| 9/1/2005 | 231 | TEXT | | SHERIFFS COPY OF ORDER TO TRANSPORT RETURNED SERVED | JIS |
| 5/3/2006 | 233 | REPM | | REOPEN POST CONVICTION MOTION 3.800 MOTION TO CORRECT ILLEGAL SENTENCE PURSUANT TO RULE 3.800(A) PRO SE | JIS |
| 5/4/2006 | 232 | JDAS | | JUDGE ASSIGNED DIV-B JUDGE DEKKER KATHLEEN F JUDGE ID-16 | JIS |
| 5/10/2006 | 234 | ODMP | | ORDER DISMISSING POST CONVICTION ORDER DENYING MOTION TO CORRECT ILLEGAL SENTENCE FILED 5/3/06 | JIS |
| 4/14/2010 | 236 | REOT_ 🔲 | | REOPEN POST CONVICTION - OTHER PETITION FOR WRIT OF HABEAS CORPUS (PRO SE) | JIS |
| 4/14/2010 | 235 | JDAS | | JUDGE ASSIGNED DIV-B JUDGE WALKER MARK E JUDGE ID-76 | JIS |
| 4/14/2010 | 237 | MOFO_ 🔲 | ☐ «-*Req $* | MOTION FOR: DEFENDANTS PRO SE MOTION FOR DNA TESTING | JIS |
| 5/24/2010 | 238 | NOTO_ 🔲 | ☐ «-*Req $* | NOTICE TO/OF: PETITIONER NOTICE OF FILING AS SUPPLEMENT ARGUMENT VI PROSECUTIAL MISCONDUCT TO PETITIONERS WRIT OF HABEAS CORPUS (PRO SE) | JIS |
| 9/27/2010 | 239 | NOTO_ 🔲 | ☐ «-*Req $* | NOTICE TO/OF: NOTICE OF INQUIRY (PRO SE) | JIS |
| 9/27/2010 | 240 | RLTD_ 🔲 | ☐ «-*Req $* | RESPONSE LETTER TO DEFENDANT | JIS |

| Date | # | Code | | Description | | JIS |
|---|---|---|---|---|---|---|
| 1/1/2011 | 241 | NJAS | | NEW JUDGE ASSIGNED | | JIS |
| 3/2/2011 | 242 | ODER_ | ☐ «-*Reg $* | ORDER ORDER DISMISSING PETITION FOR WIRT OF HABEAS CORPUS - ORDERED AND ADJUDGED THAT DEFENDANTS PETITION FOR WRIT OF HABEAS CORPUS, FILED ON APR 14, 10, AND SUPPLEMENT ARGUMENT VI TO WRIT OF HABEAS CORPUS, FILED ON MAY 24, 10, ARE HEREBY DISMISSED. | | JIS |
| 3/2/2011 | 243 | ODER_ | ☐ «-*Reg $* | ORDER ORDER DIRECTING THE STATE TO RESPOND TO DEFENDANTS MOTION - ORDERED AND ADJUDGED THAT THE OFFICE OF THE STATE ATTORNEY FOR THE SECOND JUDICIAL CIRCUIT OF FLORIDA SHALL RESPOND TO DEFENDANTS MOTION WITHIN 30 DAYS OF THE DATE OF THIS ORDER. THE STATE SHALL ATTACH COPIES OF ALL DOCUMENTS OR RECORDS UPON WHICH THE RESPONSE IS BASED. A COPY OF THE RESPONSE, INCLUDING ATTACHMENTS, SHALL BE FILED DIRECTLY TO THE OFFICE OF THIS COURT AND ADDITIONAL COPY, INCLUDING ATTACHMENTS, SHALL BE SERVED ON THE DEFENDANT. | | JIS |
| 3/14/2011 | 244 | SAAS | | STATE ATTORNEY ASSIGNED Prosecuting Attorney Added: 932442 - EVANS EDDIE | | JIS |
| 4/5/2011 | 245 | RESP_ | ☐ «-*Reg $* | RESPONSE STATES RESPONSE TO DEFENDANTS NMOTION FOR POST CONVICTION DNA TESTING | | JIS |
| 4/6/2011 | 246 | ODPC_ | ☐ «-*Reg $* | ORDER DENYING POST CONVICTION ORDER DENYING DEFENDANTS PRO SE MOTION FOR DNA TESTING | | JIS |
| 4/20/2011 | 247 | NOAP_ | ☐ «-*Reg $* | NOTICE OF APPEAL NOTICE OF APPEAL PRO SE | | JIS |
| 4/20/2011 | 248 | DRCL_ | ☐ «-*Reg $* | DIRECTIONS TO CLERK DIRECTIONS TO THE CLERK PRO SE | | JIS |
| 4/20/2011 | 249 | MOFO_ | ☐ «-*Reg $* | MOTION FOR: MOTION FOR TRANSCRIPTIONOF PROCEEDINGS PRO SE | | JIS |
| 4/20/2011 | 250 | STJA_ | ☐ «-*Reg $* | STATEMENT OF JUDICIAL ACTS STATEMENT OF JUDICIAL ACTS TO BE REVIEWED PRO SE | | JIS |
| 4/20/2011 | 251 | TEXT_ | ☐ «-*Reg $* | DESIGNATION PRO SE | | JIS |
| 4/25/2011 | 252 | AIND_ | ☐ «-*Reg $* | APPEAL INDEX AND RECORD COMPLETED | | JIS |
| 4/25/2011 | 253 | EDCA | ☐ «-*Reg $* | APPEAL RECORD E-FILED TO DCA 3.8 | | JIS |

| Date | Num | Code | | | Description | Init |
|------|-----|------|---|---|-------------|------|
| 4/25/2011 | 254 | NDCA | | | NOTICE OF APPEAL E-FILED TO DCA | JIS |
| 4/28/2011 | 255 | DCAN 📁 | ☐ «-*Req $* | | DCA CASE NUMBER 1D11-2169 | JIS |
| 4/28/2011 | 256 | RLAG 📁 | ☐ «-*Req $* | | RECEIPT LETTER FROM ATTORNEY GENERAL | JIS |
| 7/20/2011 | 257 | ODCD 📁 | ☐ «-*Req $* | | ORDER FROM DCA - APPEAL DISMISSED | JIS |
| 11/24/2012 | 1 | POOL | | | POOLED: APPEALS_008 | BM |
| 11/24/2012 | 1 | POOL | | | POOLED: APPEALS_007 | BM |
| 11/24/2012 | 1 | POOL | | | POOLED: APPEALS_002 | BM |
| 11/24/2012 | 1 | POOL | | | POOLED: POOL_001 | BM |
| 11/24/2012 | 1 | POOL | | | POOLED: WORKSHEETS_001 | BM |
| 11/24/2012 | 1 | POOL | | | POOLED: APPEALS_005 | BM |
| 11/24/2012 | 1 | POOL | | | POOLED: APPEALS_004 | BM |
| 11/24/2012 | 1 | POOL | | | POOLED: APPEALS_003 | BM |
| 11/24/2012 | 1 | POOL | | | POOLED: APPEALS_001 | BM |
| 11/24/2012 | 1 | POOL | | | POOLED: APPEALS_006 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: POOL_001 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_002 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_007 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_008 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_007 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_008 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: POOL_001 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_002 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: WORKSHEETS_001 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_001 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_003 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_004 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_005 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_006 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_006 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: WORKSHEETS_001 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_001 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_003 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_004 | BM |
| 12/2/2012 | 1 | POOL | | | POOLED: APPEALS_005 | BM |
| 4/30/2015 | 259 | REOT | | | REOPEN POST CONVICTION - OTHER | JIS |
| 4/30/2015 | 258 | JDAS | | | JUDGE ASSIGNED DIV-B JUDGE SHEFFIELD FRANK E JUDGE ID-75 | JIS |
| 4/30/2015 | 260 | PFOR 📁 | ☐ «-*Req $* | | PETITON FOR: WRIT OF HABEAS CORPUS (PRO SE) | JIS |
| 5/8/2015 | 261 | ODMP 📁 | ☐ «-*Req $* | | ORDER DISMISSING POST CONVICTION PETITION FOR WRIT OF HABEAS CORPUS - ORDERED AND ADJDUGED THAT DEFENDANTS PETITION FOR WRIT OF HABEAS CORPUS, FILED ON OR ABOUT 04/27/15 IS HEREBY DISMISSED. DEFENDANT HAS 30 DAYS FROM THE DATE OF THIS ORDER IN WHICH TO FILE A NOTICE OF APPEAL. | JIS |
| 6/4/2015 | 262 | NOAP 📁 | ☐ «-*Req $* | | NOTICE OF APPEAL (PRO SE) | JIS |
| 6/4/2015 | 263 | NDCA | | | NOTICE OF APPEAL E-FILED TO DCA | JIS |

| Date | No. | Code | | Description | | JIS |
|---|---|---|---|---|---|---|
| 6/5/2015 | 264 | DCAN 📁 | ☐ «-*Req $* | DCA CASE NUMBER 1D15-2548 | | JIS |
| 7/16/2015 | 265 | AIND_ | ☐ «-*Req $* | APPEAL INDEX WITH TRANSCRIPTS & EXHIBITS | | JIS |
| 7/16/2015 | 266 | EDCA ☐ «-*Req $* | | APPEAL RECORD E-FILED TO DCA | | JIS |
| 9/3/2015 | 267 | RLAG_ | ☐ «-*Req $* | RECEIPT LETTER FROM ATTORNEY GENERAL | | JIS |
| 11/12/2015 | 268 | NOIQ 📁 | ☐ «-*Req $* | NOTICE OF INQUIRY NOTICE OF INQUIRY PRO SE | | JIS |
| 11/12/2015 | 269 | RLTD_ 📁 | ☐ «-*Req $* | RESPONSE LETTER TO DEFENDANT | | JIS |
| 1/12/2016 | 271 | REPC | | REOPEN POST CONVICTION MOTION 3.850 | | JIS |
| 1/12/2016 | 270 | JDAS | | JUDGE ASSIGNED DIV-B JUDGE DEMPSEY ANGELA C JUDGE ID-64 | | JIS |
| 1/12/2016 | 272 | PFOR_ 📁 | ☐ «-*Req $* | PETITON FOR: WRIT OF HABEAS CORPUS AND/OR THE ALTERNATIVE RULE 3.850(F) POSTCONVICTION RELIEF FLA R C P (PRO SE) | | JIS |
| 2/15/2016 | 273 | NOTO_ 📁 | ☐ «-*Req $* | NOTICE TO/OF: VOLUNTARY DISMISSAL (PRO SE) (STYLED DCA) | | JIS |
| 2/17/2016 | 274 | ODCD 📁 | ☐ «-*Req $* | ORDER FROM DCA - APPEAL DISMISSED | | JIS |
| 2/19/2016 | 275 | LTTR_ 📁 | ☐ «-*Req $* | LETTER FROM DEFENDANT - TREATED AS NOTICE OF INQUIRY | | JIS |
| 2/19/2016 | 276 | RLTD_ 📁 | ☐ «-*Req $* | RESPONSE LETTER TO DEFENDANT | | JIS |
| 2/29/2016 | 277 | LTTR_ 📁 | ☐ «-*Req $* | LETTER FROM DEFENDANT | | JIS |
| 2/29/2016 | 278 | NOTO_ 📁 | ☐ «-*Req $* | NOTICE TO/OF: INQUIRY(PRO SE) | | JIS |
| 2/29/2016 | 279 | RLTD_ 📁 | ☐ «-*Req $* | RESPONSE LETTER TO DEFENDANT | | JIS |
| 3/11/2016 | 280 | NOTO_ 📁 | ☐ «-*Req $* | NOTICE TO/OF: OF INTENT (PRO SE) | | JIS |
| 3/11/2016 | 281 | RLTD_ 📁 | ☐ «-*Req $* | RESPONSE LETTER TO DEFENDANT | | JIS |
| 5/16/2016 | 282 | MOFO_ 📁 | ☐ «-*Req $* | MOTION FOR: REINSTATEMENT OF PETITION FOR WRIT OF HABEAS CORPUS AND/OR THE ALTERNATIVE RULE 3.850(F) POSTCONVICTION RELIEF (PRO SE) | | JIS |
| 6/22/2016 | 283 | PFOR_ 📁 | ☐ «-*Req $* | PETITON FOR: WRIT OF HABEAS CORPUS AND/OR THE ALTERNATIVE RULE 3.850(F) POSTCONVICTION RELIEF FA R C P (PRO SE) | | JIS |
| 6/28/2016 | 284 | ODER_ 📁 | ☐ «-*Req $* | ORDER DEEMING PETITION FOR WRIT OF HABEAS CORPUS AS A MOTION FOR POSTCONVICTION RELIEF - ACCORDINGLY, THE PETITION IS DEEMED A NON-HABEAS CORPUS MOTION FOR POSTCONVICTION RELIEF. THIS ORDER IS NONFINAL AND NOT APPEALABLE AT THIS TIME. | | JIS |

| Date | Doc | Code | | | Description | | | Judge |
|------|-----|------|---|---|-------------|---|---|-------|
| 9/21/2016 | 285 | ODMP_ 🟧 | ☐ «-*Reg $* | | ORDER DISMISSING POST CONVICTION ORDER DISMISSING DEFENDANTS MOTION FOR REINSTATMENT OF PETITION FOR WRIT OF HABEAS CORPUS AND/OR THE ALTERNATIVE RULE 3.850(F) POSTCONVICTION RELIEF - ORDERED AND ADJUDGED THAT DEFENDANTS MOTION FOR REINSTATEMENT OF PETITION FOR WRIT OF HABEAS CORPUS AND/OR THE ALTERNATIVE RULE 3.850(F) POSTCONVICTION RELIEF, FILED ON OR ABOUT 05/16/16 IS HEREBY DISMISSED. | | | JIS |
| 10/7/2016 | 287 | REPC | | | REOPEN POST CONVICTION MOTION 3.850 REOPENED - CLOSED IN ERROR | | | JIS |
| 10/7/2016 | 286 | JDAS | | | JUDGE ASSIGNED DIV-B JUDGE DEMPSEY ANGELA C JUDGE ID-64 | | | JIS |
| 10/19/2016 | 288 | ODPC_ 🟧 | ☐ «-*Reg $* | | ORDER DENYING POST CONVICTION PETITION FOR WRIT OF HABEAS CORPUS AND/OR THE ALTERNATIVE RULE 3.850(F) POSTCONVICTION RELIEF FLA R C P - ORDERED AND ADJUDGED THAT DEFENDANTS PETITION FOR WRIT OF HABEAS CORPUS AND/OR THE ALTERNATIVE RULE 3.850(F) POSTCONVICTION RELIEF FA R C P, FILED ON OR ABOUT 01/12/16 IS HEREBY DENIED. DEFENDANT HAS 30 DAYS FROM RENDITION OF THIS ORDER IN WHICH TO FILE A NOTICE OF APPEAL. | | | JIS |
| 10/24/2016 | 289 | ODPC_ 🟧 | ☐ «-*Reg $* | | ORDER DENYING POST CONVICTION PETITION FOR WRIT OF HABEAS CORPUS AND/OR THE ALTERNATIVE RULE 3.850(F) POSTCONVICTION RELIEF FLA R. C. P. - ORDERED AND ADJDUGED DEFENDANTS PETITION FOR WRIT OF HABEAS CORPUS AND/OR THE ALTERNATIVE RULE 3.850(F) POSTCONVICTION RELIEF FLA R. C. P., FILED ON OR ABOUT 6/22/16 IS HEREBY DENIED. DEFENDANT HAS 30 DAYS FROM THE DATE OF RENDITION OF THIS ORDER IN WHICH TO FILE A NOTICE OF APPEAL. | | | JIS |
| 11/17/2016 | 290 | NOAP_ 🟧 | ☐ «-*Reg $* | | NOTICE OF APPEAL PRO SE NOTICE OF APPEAL | | | JIS |
| 12/7/2016 | 2 | REOA_ 🟧 | | | RECORD ON APPEAL 3.8 | | | BM |
| 12/7/2016 | 291 | ROAP | | | RECORD ON APPEAL 3.8 | | | JIS |

| 12/7/2016 | 292 | EDCA ☐ ‹‹-**Req $** | APPEAL RECORD E-FILED TO DCA 3.8 | | | JIS |
| 12/7/2016 | 293 | NDCA | NOTICE OF APPEAL E-FILED TO DCA | | | JIS |
| 12/8/2016 | 294 | RLAG_🗀 ☐ ‹‹-**Req $** | RECEIPT LETTER FROM ATTORNEY GENERAL | | | JIS |
| 5/18/2017 | 295 | MAFF_🗀 ☐ ‹‹-**Req $** | MANDATE AFFIRMING LOWER COURT DECISION | 5063 | 1015 | JIS |
| 7/2/2018 | 297 | JDAS | JUDGE ASSIGNED DIV-B JUDGE DEMPSEY ANGELA C JUDGE ID-64 | | | JIS |
| 7/2/2018 | 298 | PETF_🗀 ☐ ‹‹-**Req $** | PETITION FOR PRO SE PETITION FOR WRIT OF HABEAS CORPUS OR MOTION TO VACATE A VIOD JUDGMENT PER FLA. RULE OF CIV.P.1.540(B)(4) ALTERNATIVELY | | | JIS |
| 7/5/2018 | 296 | REOT | REOPEN POST CONVICTION - OTHER PETITION | | | JIS |
| 7/16/2018 | 299 | ODPC_🗀 ☐ ‹‹-**Req $** | ORDER DENYING POST CONVICTION PETITION FOR WRIT OF HABEAS CORPUS AND ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY SANCETION SHOULD NOT BE IMPOSED | | | JIS |
| 8/10/2018 | 300 | NOAP_🗀 ☐ ‹‹-**Req $** | NOTICE OF APPEAL (PRO SE) | | | JIS |
| 8/10/2018 | 301 | RESP_🗀 ☐ ‹‹-**Req $** | RESPONSE TO COURTS ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED | | | JIS |
| 8/17/2018 | 303 | ODER_🗀 ☐ ‹‹-**Req $** | ORDER ORDER PROHIBITING DEFENDANT FROM FILING FUTURE PRO SE PLEADINGS - ORDERED AND AJUDGED THAT DEFENDANT IS PROHIBITED FROM FILING FUTURE PRO SE ATTACKS ON HIS CONVICTION AND SENTENCE. THE CLERK OF OCURT IS DIRECTED NOT ACCEPT ANY FURTHER PRO SE PLEADING FROM DEFENDANT IN THIS CASE. DEFENDANT IS WARNED THAT ANY FILINGS WHICH VIOLATE THIS ORDER MAY RESULT IN A REFERRAL TO THE DEPARMENT OF CORRECTIONS FOR DISCIPLINARY PROCEEDINGS PURSUANT TO 944.279, FLORIDA STATUTES. | | | JIS |
| 8/20/2018 | 313 | CORM | CLERK ORDERED TO REFUSE FOR FILING PROSE MOTIONS/LETTERS ORDER PROHIBITING DEFENDANT FROM FILING FUTURE PRO SE PLEADINGS - ORDERED AND AJUDGED THAT DEFENDANT IS PROHIBITED FROM FILING FUTURE PRO | | | JIS |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | SE ATTACKS ON HIS CONVICTION AND SENTENCE. THE CLERK OF OCURT IS DIRECTED NOT ACCEPT ANY FURTHER PRO SE PLEADING FROM DEFENDANT IN THIS CASE. DEFENDANT IS WARNED THAT ANY FILINGS WHICH VIOLATE THIS ORDER MAY RESULT IN A REFERRAL TO THE DEPARMENT OF CORRECTIONS FOR DISCIPLINARY PROCEEDINGS PURSUANT TO 944.279, FLORIDA STATUTES. | | | |
| 9/10/2018 | 304 | NOAP_ 🟫 | □ «-*Req $* | NOTICE OF APPEAL (PRO SE) | | JIS |
| 9/10/2018 | 305 | NDCA | | NOTICE OF APPEAL E-FILED TO DCA | | JIS |
| 9/12/2018 | 306 | DCAN_ 🟫 | □ «-*Req $* | DCA CASE NUMBER 1D18-3833 (FOR AUG 10, 2018 NOA) | | JIS |
| 9/12/2018 | 307 | ODCA_ 🟫 | □ «-*Req $* | ORDER FROM DCA 1D18-3833 | | JIS |
| 9/12/2018 | 308 | DCAN_ 🟫 | □ «-*Req $* | DCA CASE NUMBER 1D18-3838 (FOR SEP 10, 2018 NOA) | | JIS |
| 9/12/2018 | 309 | ODCA_ 🟫 | □ «-*Req $* | ORDER FROM DCA 1D18-3838 | | JIS |
| 9/12/2018 | 310 | ODCA_ 🟫 | □ «-*Req $* | ORDER FROM DCA 1D18-3838 | | JIS |
| 10/16/2018 | 311 | ODCA_ 🟫 | □ «-*Req $* | ORDER FROM DCA 1D18-3833 | | JIS |
| 10/24/2018 | 312 | ODCD_ 🟫 | □ «-*Req $* | ORDER FROM DCA - APPEAL DISMISSED 1D18-3838 | | JIS |
| 12/13/2018 | 3 | REOA_ 🟫 | | RECORD ON APPEAL | | BM |
| 12/13/2018 | 4 | REOA_ 🟫 | | RECORD ON APPEAL - JURY TRIAL TRANSCRIPT | | BM |
| 12/13/2018 | 314 | EDCA □ «-*Req $* | | APPEAL RECORD E-FILED TO DCA | | JIS |
| 12/14/2018 | 5 | NEWVOLUME | | VOLUME 2 CREATED | | BM |
| 12/14/2018 | 6 | NEWVOLUME | | VOLUME 1 CREATED | | BM |
| 12/14/2018 | 7 | NEWVOLUME | | VOLUME 3 CREATED | | BM |
| 5/16/2019 | 315 | ODCD_ 🟫 | □ «-*Req $* | ORDER FROM DCA - APPEAL DISMISSED 1D18-3833 | | JIS |
| 7/10/2019 | 316 | ODCA_ 🟫 | □ «-*Req $* | ORDER FROM DCA APPEAL REINSTATED - THE COURT HAS DETERMINED THAT REVIEW IN THIS CASE IS PROPERLY BY APPEAL FROM THE SUMMARY DENIAL OF A MOTION FOR POST-CONVCITION RELIEF. THIS APPEAL IS HEREBY RESTYLED AS TERRY A. GAINES V. STATE OF FLORIDA | | JIS |
| 7/12/2019 | 8 | REOA_ 🟫 | | RECORD ON APPEAL- 3.850 | | BM |
| 7/12/2019 | 317 | ROAP | | RECORD ON APPEAL 3/850 | | JIS |
| 7/12/2019 | 318 | EDCA □ «-*Req $* | | APPEAL RECORD E-FILED TO DCA | | JIS |
| 11/18/2019 | 319 | MAFF_ 🟫 | □ «-*Req $* | MANDATE AFFIRMING LOWER COURT DECISION | 5382 | 1441 | JIS |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
|-------|------|-------|----------|-------|--------|--------|
| MOTION HEARING | 5/19/2005 | 11:30 AM | | DEKKER | | JIS |
| *3.850 HEARING HELD ON ISSUES B AND D, RULING TAKEN UNDER ADVISEMENT BY THE COURT. DEF. MAY RETURN TO DOC.* | | | | | | |
| MOTION HEARING | 9/27/2004 | 9:30 AM | | FRANCIS | | JIS |
| JURY NON JURY TRIAL | 9/12/2002 | 8:30 AM | | FRANCIS | | JIS |
| *DEFENSE JOA MOTION - DENIED* | | | | | | |
| CASE MANAGEMENT | 6/17/2002 | 10:00 AM | | FRANCIS | | JIS |
| *REMAIN ON TRIAL FOR 9-9-2002* | | | | | | |
| CASE MANAGEMENT | 4/3/2002 | 2:00 PM | | FRANCIS | | JIS |
| *DEFENSE MOTION TO CONTINUE TRIAL - GRANTED OFF TRIAL FOR 4-8-2002* | | | | | | |
| MOTION HEARING | 10/18/2001 | 2:30 PM | | FRANCIS | | JIS |
| *ARTHUR HEARING HELD - COURT FINDS DEF. IS ENTITLED TO BOND* | | | | | | |
| CASE MANAGEMENT | 10/2/2001 | 9:00 AM | | FRANCIS | | JIS |
| MOTION HEARING | 10/2/2001 | 2:15 PM | | FRANCIS | | JIS |
| ARRAIGNMENT | 8/7/2001 | 8:30 AM | | FRANCIS | | JIS |
| FIRST APPEARANCE | 7/8/2001 | 8:30 AM | | GARY | | JIS |

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
|--------------------|------|------|-----------|-----|
| | | | | |

Top of Page

Courts (http://www.  Opinions (http://w  New Query  (../Searc  Help  dsh_DCA)

Florida Supreme Court Docket

Case Docket

Case Number: SC04-785

Direct Conflict of Decisions

TERRY A. GAINES vs. STATE OF FLORIDA

Lower Tribunal Case(s):1D02-3992

Right-click to copy shortcut directly to this page (/DCAResults
/CaseByYear?CaseYear=2004&CaseNumber=785&Court=6)

List of Abbreviations   Printer Friendly View

| Date Docketed | Description | Filed By | Notes |
|---|---|---|---|
| 05/04/2004 | NOTICE-DISCRETIONARY JURIS (DIRECT CONFLICT) | PT Terry A Gaines BY: PT Kathleen Ann Stover 0513253 | |
| 05/04/2004 | JURIS INITIAL BRIEF | PT Terry A Gaines BY: PT Kathleen Ann Stover 0513253 | (O&5) WITH APPENDIX AND DISKETTE (FILED 4/30/04) |
| 05/13/2004 | No Fee - Insolvent | BY: | INSOLVENT BELOW |
| 05/24/2004 | JURIS ANSWER BRIEF | RS State Of Florida STATE1 BY: RS Robert R. Wheeler 796409 | O&7 W/APPENDIX AND DISKETTE |
| 07/20/2004 | DISP-REV DY LACK JURIS | | |
| 11/12/2004 | RECORD CENTER | BY: | C00000104574 |
| 12/07/2009 | FILE DESTROYED | BY: | |

List of Abbreviations   Printer Friendly View

This site is best viewed using Chrome, Firefox, Edge, or Internet Explorer version 11.0.50 or higher.